UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
I'MECCA BURTON PEARSON, a minor, by her
mother and natural guardian Taniesha Pearson,

                      Plaintiff,                          08-CV-3208 (SLT) (MDG)

                vs.                                  **AMENDED COMPLAINT**

THE CITY OF NEW YORK, THE NEW YORK
CITY BOARD OF EDUCATION, d/b/a THE NEW
YORK CITY DEPARTMENT OF EDUCATION,
POLICE OFFICERS JOSEPH CORTES, SHIELD
#27040 AND DENNIS MCALLISTER, SHIELD
#9523

                                                        **JURY TRIAL
                                                        DEMANDED**

                  Defendants.
-----------------------------------------------------------------X

## PRELIMINARY STATEMENT

      1.     This is a civil rights action for declaratory relief and to recover money damages arising out of Defendants' violation of minor Plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. While on her school bus, Plaintiff was verbally, physically and mentally and emotionally abused and assaulted by two police officers, on information and belief those two officers were Joseph Cortes and Dennis McAllister, including being handcuffed behind her back with metal handcuffs, without just cause or provocation, with excessive force, and in a manner wholly inappropriate for

the treatment of a minor child. Such actions by said police officers deprived the Plaintiff of her constitutional and common law rights and privileges as a citizen of the United States.

2. The City of New York, the New York City Police Department and the New York City Department of Education failed to properly train their employees, servants and/or agents and provide them with guidelines concerning the handcuffing of minor children, failed to maintain proper supervision of the children on Plaintiff's school bus, and failed to offer a safe environment for the Plaintiff who was under their care and charge.

### JURISDICTION

3. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

4. The Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

### VENUE

5. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district and Plaintiff resides in this district.

### PARTIES

6. Plaintiff I'mecca Burton Pearson is a minor, who was 10 years old at the time of the events described herein. This lawsuit is brought by her mother and natural guardian,

Taniesha Pearson. Plaintiff and her mother are residents of the County of Brooklyn (Kings County), State of New York and citizens of the United States.

7. Defendants Joseph Cortes and Dennis McAllister were at all times relevant herein officers, employees, and agents of the New York City Police Department. On the date of the incident, January 15, 2008, said police officers were assigned to the 79th Precinct. Said police officers are being sued in their individual capacities and official capacities as officers, employees, and agents of the New York City Police Department.

8. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

9. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department. The Defendant the New York City Board of Education, doing business as the New York City Department of Education, is responsible for key public service areas including, ensuring principal and teacher quality and

school safety. The New York City Department of Education assumes the risks incidental to the maintenance of its educational services and the employment of its agents acting within the scope of their employment.

## STATEMENT OF FACTS

10. On January 15, 2008, at approximately 3:30 pm, two police officers, on and information and belief, those two officers were Joseph Cortes and Dennis McAllister from the New York City Police Department, 79th Precinct, boarded the Plaintiff's school bus.

11. The school bus was carrying students from 25 Eubie Blake School, 787 Lafayette Avenue, Brooklyn, New York 11221.

12. Defendant Joseph Cortes or Dennis McAllister told the children to take their seats on the bus.

13. Defendant Joseph Cortes or Dennis McAllister told the Plaintiff that she was not moving quickly enough to her seat.

14. Defendant Joseph Cortes or Dennis McAllister told the Plaintiff she was going to be arrested.

15. Defendant Joseph Cortes or Dennis McAllister proceeded to knee the Plaintiff in the back, grab her arms and handcuff them behind her back with metal handcuffs.

16. Defendant Joseph Cortes or Dennis McAllister told the Plaintiff he would not remove the handcuffs until she sat straight in her seat.

17. Plaintiff proceeded to sit straight in her seat.

18. Defendant Joseph Cortes or Dennis McAllister removed the metal handcuffs from the Plaintiff.

19. Defendants Joseph Cortes and Dennis McAllister departed the bus.

20. A school bus matron was present on the bus at the time of the incident.

21. Defendant Joseph Cortes or Dennis McAllister's use of metal handcuffs on the minor Plaintiff was without just cause or provocation, with excessive force and in a manner wholly inappropriate for the treatment of a minor child.

22. The assault and battery, intentional infliction of emotional harm, negligence, and false imprisonment of Plaintiff by Defendants Joseph Cortes and Dennis McAllister caused the Plaintiff to suffer physical pain and suffering and psychological and emotional trauma.

23. A notice of claim was served on the Comptroller of the City of New York and the City of New York Law Department, Office of Corporation Counsel. At least thirty days have elapsed since the service of such notice and adjustment and/or payment has been neglected and/or refused.

## FIRST CAUSE OF ACTION

### Violation of Plaintiff's Fourteenth Amendment Rights

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 23 with the same force and effect as if more fully set forth at length herein.

25. Defendants Joseph Cortes and Dennis McAllister acted under color of state law, custom and practice, at all times acting in concert and within the scope of their authority as police officers.

26. Defendants Joseph Cortes and Dennis McAllister intentionally and with complete and deliberate indifference for Plaintiff's rights caused the Plaintiff to be imprisoned without probable cause in violation of the Plaintiff's right to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

### Violation of Plaintiff's Fourth Amendment Rights

27. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 26 with the same force and effect as if more fully set forth at length herein.

28. Defendant Joseph Cortes or Dennis McAllister, under color of state law, intentionally and with complete and deliberate indifference to Plaintiff's rights caused the Plaintiff to be deprived of her rights under the Fourth Amendment to the Constitution of the United States by using a degree of force that was unreasonable under the circumstances, and in violation of the Plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment.

29. The use of excessive force by Defendant Joseph Cortes or Dennis McAllister in kneeing the minor Plaintiff in the back and handcuffing her with metal handcuffs was an objectively unreasonable physical seizure of the Plaintiff in violation of her rights under the Fourth Amendment to the Constitution of the United States.

## THIRD CAUSE OF ACTION

### Assault

30. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 29 with the same force and effect as if more fully set forth at length herein.

31. Defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted the Plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and

6

intentionally did a violent and/or menacing act which threatened such contact to the Plaintiff, and that such act(s) caused apprehension of such contact in the Plaintiff.

32. Defendants Joseph Cortes and Dennis McAllister were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

33. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FOURTH CAUSE OF ACTION

### Battery

34. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if more fully set forth at length herein.

35. Defendant Joseph Cortes or Dennis McAllister, acting within the scope of his employment, intentionally, willfully, and maliciously battered Plaintiff, when he, in a hostile and/or offensive manner kneed the Plaintiff and handcuffed her with metal handcuffs without her consent and with the intention of causing harmful and/or offensive bodily contact to the Plaintiff and caused such battery.

36. Defendants Joseph Cortes and Dennis McAllister were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

37. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION

### False Imprisonment

38. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 37 with the same force and effect as if more fully set forth at length herein.

39. The acts and conduct of the Defendants Joseph Cortes and Dennis McAllister constitute false imprisonment under the laws of the State of New York. Defendants intended to confine Plaintiff and, in fact, confined Plaintiff, and Plaintiff was conscious of the confinement. In addition, Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

40. Defendants Joseph Cortes and Dennis McAllister were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

41. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION

### Negligent Hiring, Retention, Training and Supervision

42. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if more fully set forth at length herein.

43. The City of New York, The New York City Police Department, and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise Defendants Joseph Cortes and Dennis McAllister, individuals

8

who were unfit for the performance of police duties on January 15, 2008, at the aforementioned location.

44. The City of New York, The New York City Department of Education, and their employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise the school bus matron, an individual who was unfit for the performance of a school bus matron on January 15, 2008, at the aforementioned location.

45. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## JURY DEMAND

46. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A declaratory judgment that the Defendants have violated the Plaintiff's Fourth and Fourteenth Amendment rights, all in violation of the 42 U.S.C. Section 1983, and the laws of the State of New York, and preventing Defendants from acting so in the future.

2. That the jury find and the Court adjudge and decree that Plaintiff I'mecca Burton Pearson shall recover compensatory damages in the sum of $500,000 against the individual Defendants, the City of New York, the New York City Police Department, and the New York City Board of Education, jointly and severally, together with interest and costs; and punitive damages in the sum of $500,000 against the individual Defendants, jointly and severally.

3. That the Plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

4. That the Plaintiff have such other and further relief as the Court shall deem just and proper.

DATED: January 12, 2009
New York, New York

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: *Vilia B. Hayes*
Vilia B. Hayes (VH 4601)

One Battery Park Plaza
New York, New York 10004-1482
hayes@hugheshubbard.com
(212) 837-6000

NORMAN SIEGEL, ESQ.
260 Madison Avenue, 18th Floor
New York, New York 10016
siegelnorman@aol.com
(212) 532-7586

*Attorneys for Plaintiff I'mecca Burton Pearson*

10