UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
I'MECCA BURTON PEARSON, a minor, by her
mother and natural guardian Taniesha Pearson,

                Plaintiff,                          08-CV-3208 (SLT) (MDG)

             vs.                              **DECLARATION OF VILIA B.**
                                                      **HAYES IN SUPPORT OF**
THE CITY OF NEW YORK, THE NEW YORK      **MOTION FOR AN ORDER**
CITY BOARD OF EDUCATION, d/b/a THE NEW   **APPROVING THE INFANT**
YORK CITY DEPARTMENT OF EDUCATION,       **COMPROMISE ORDER**
POLICE OFFICERS JOSEPH CORTES, SHIELD
#27040 AND DENNIS MCALLISTER, SHIELD
#9523

                Defendants.
-----------------------------------------------------------------X

        I, Vilia B. Hayes, under penalty of perjury, declare:

        1.       I am an attorney licensed to practice in the Courts of the State of New York and a member of Hughes Hubbard & Reed LLP, attorneys for the Plaintiff, I'mecca Burton Pearson. My co-counsel is Norman Siegel, 260 Madison Avenue, 18th Floor, New York, New York 10016. I am familiar with the facts of the within litigation. I submit this Declaration to the Court in support of the Motion for an Order Approving the Infant Compromise Order.

        2.       This is a civil rights action for declaratory relief and to recover money damages arising out of the Defendants' violation of minor Plaintiff's rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.

3. Plaintiff contends that she was verbally, physically and mentally and emotionally abused and assaulted by two police officers, Defendants Joseph Cortes and Dennis McAllister, including being handcuffed behind her back with metal handcuffs without just cause or provocation, with excessive force, and in a manner wholly inappropriate for the treatment of a minor child. Such actions by the Defendants deprived Plaintiff of her constitutional and common law rights and privileges as a citizen of the United States.

4. Plaintiff I'mecca Burton Pearson is a minor. She was born on June 23, 1997. I'mecca was ten years old at the time of the incident giving rise to this litigation.

5. Plaintiff I'mecca Burton Pearson resides with her mother and natural guardian Taneisha Pearson (incorrectly named in the complaint as Taniesha), at 308 Beach 86th Street, Queens, New York 11693.

6. The parties have litigated this action since August 7, 2008. While we believe Plaintiff has a meritorious cause of action, we recognize the risks of litigation, as well as the increased emotional distress participation in the continued litigation is likely to cause I'mecca. We also recognize that the City of New York has taken steps to explore alternatives to using metal handcuffs to restrain minors.

7. Defendants initially made an offer of judgment of $10,001.00 to I'mecca, plus an award of attorneys' fees.

8. At the settlement conference held before Magistrate Judge Marilyn D. Go on January 8, 2010, Counsel, who collectively incurred significant attorneys fees and costs, made a proposal to waive any claims for attorneys fees and costs in excess of $25,000.00 if the City authorized a total settlement of $50,000. Plaintiff's counsel and Plaintiff's mother advised the Court that they proposed that the settlement amount will be divided between the Plaintiff and her

2

counsel as follows: Plaintiff will receive $25,000 (twenty-five thousand dollars), Hughes Hubbard & Reed LLP will receive $15,000 (fifteen thousand dollars) in attorneys' fees and costs, and Norman Siegel will receive $10,000 (ten thousand dollars) in attorneys' fees and costs.

9. During the telephone settlement conference held on January 29, 2010, the parties advised Magistrate Judge Marilyn D. Go that they had reached an agreement on the settlement amount. The Defendant City of New York has agreed to pay Plaintiff the total sum of $50,000 (fifty thousand dollars) in full satisfaction of all claims, including claims for costs, expenses and attorneys' fees.

10. Plaintiff's recovery will be invested in a CD account at Roosevelt Savings Bank located at 1024 Gates Avenue, Brooklyn, New York 11221, until she reaches the age of eighteen.

11. The Parties have entered into a Settlement Agreement, a copy of which is annexed hereto as Exhibit A, which is subject to the Court approval of the Infant Compromise Order. The Settlement Agreement and Dismissal will be filed upon such approval.

12. We ask the Court to approve the Infant Compromise Order as a fair and reasonable settlement. The amount to be paid to Ms. Pearson is reasonable given the facts that her emotional injuries are being treated, the uncertainty of litigation, and her desire and the desire of her mother to avoid further emotional injury caused by continued litigation. Plaintiff's mother and natural guardian gives consent to the settlement of the litigation for her minor daughter.

13. In litigating this civil rights lawsuit, Plaintiff's attorneys rendered substantial services, including, but not limited to, interviewing Plaintiff and witnesses, drafting and filing initial pleadings, amending the complaint, drafting and responding to discovery

3

requests, reviewing discovery materials, deposing Defendant Joseph Cortes, and participating in settlement conferences to reach a fair settlement, as our customary billing rates, fees and expenses far exceed the amount requested in this application.

14. Given all of the factors and circumstances of litigation, including the issues related to liability, and the nature and extent of the Plaintiff's damages, Plaintiff's counsel believe the settlement sum is reasonable and we have advised the mother of minor Plaintiff that if such sum is acceptable to her and her daughter, it is a reasonable settlement.

15. Neither I nor any attorney from Hughes Hubbard & Reed LLP have directly or indirectly become concerned in the settlement at the instance of an adverse party or received compensation from any such party, nor have we represented any other person asserting a claim arising from the same occurrence.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York, on March 12, 2010.

*/s/ Vilia B. Hayes*
Vilia B. Hayes

4